SUMMARY ORDER

Li Zi Wang and Guang Wu, natives and citizens of the People’s Republic of China (“China”), seek review of a March 28, 2008 order of the BIA, affirming the April 27, 2004 decision of Immigration Judge (“IJ”) Robert Weisel, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Li Zi Wang, Guang Wu, No. A095 102 100, A079 142 262 (B.I.A. Mar. 28, 2008), aff'g No. A095 102 100, A079 142 262 (Immig. Ct. N.Y. City Apr. 27, 2004). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an independent decision on remand from this Court, the Court reviews the BIA’s decision alone. See Belortaja v. Gonzales, 484 F.3d 619, 622-23 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Petitioners argue that the BIA erred in concluding that they failed to demonstrate eligibility for withholding of removal. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish eligibility for withholding of removal. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir.2008). Further, there is nothing in the BIA’s decision compelling the conclusion that it failed to take into account all of Petitioners’ evidence as we “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.” See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006).
For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).